NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UWEM USANGA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-70637

Agency No. A072-866-343

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 16, 2011
San Francisco, California

Before: HUG, W. FLETCHER, and M. SMITH, Circuit Judges.

Uwem Usanga ("petitioner"), a native and citizen of Nigeria, appeals the

Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's

denial of relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review findings of fact for substantial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

evidence, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition.

The BIA did not err in determining that petitioner is ineligible for CAT relief. To establish eligibility for CAT relief, an alien must show it is "more likely than not" that he will be tortured in the proposed country of removal. *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001). An alien must show that the torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Petitioner presented insufficient evidence that his alleged persecutors, a street gang known as the Area Boys, harmed him with the consent or acquiescence of a public official. Because petitioner failed to show that any alleged torture would be inflicted by or at the instigation of or with the consent or acquiescence of a public official, the BIA properly denied relief. *See* 8 C.F.R. § 208.18(a)(1).

**PETITION DENIED**.